**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SANDRA L. PRIVITELLO,

                                        Plaintiff,

          - v -                                                    Civ. No. 1:14-CV-0295
                                                                          (GTS/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

SANDRA L. PRIVITELLO
Plaintiff, *Pro Se*
6 Fairview Street
S. Glens Falls, New York 12803

SOCIAL SECURITY ADMINISTRATION          VERNON NORWOOD, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

          On March 18, 2014, Plaintiff Sandra Privitello initiated this action *pro se*,

pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of

Social Security denying her application for disability benefits. *See* Dkt. No. 1. In

accordance with General Order 18, Defendant filed an Answer along with the

Administrative Transcript. Dkt. Nos. 10-11. And, in accordance with the time-frame established in General Order 18, Plaintiff's Brief in this matter was due on August 25, 2014. On that date, the Court received a Letter-Motion from Plaintiff asking for an extension of time to file her Brief so that she may obtain legal representation. Dkt. No. 13. In response, on August 28, 2014, this Court granted Plaintiff's request and extended her time to file her Brief to October 27, 2014. Dkt. No. 14. We specifically warned Plaintiff that if she did not obtain an attorney, "she is nevertheless responsible for filing her Brief[.]" *Id*. at p. 1. We also provided the following warnings:

> **[T]he Court advises Plaintiff that the Brief is her only opportunity "to set forth the errors [she] contends were made by the Commissioner of Social Security that entitle [her] to relief.**" *See* General Order 18 at p. 4. **Plaintiff is further warned that her "failure to file a Brief as required by this order will result in the consideration of this appeal without the benefit of Plaintiff's arguments and may result in a decision heavily influenced by the Commissioner's version of the facts and subsequent dismissal of [her] appeal.**" *Id*. Furthermore, should Plaintiff take no action, this Court may, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District, find that she has abandoned her case which could result in dismissal of this action based upon her failure to prosecute. FED. R. CIV. P. 41(b); N.D.N.Y.L.R. 41.2(a).

*Id*. at p. 2.

And yet, Plaintiff did not file a Brief by October 27. In consideration of her *pro se* status, we directed the Commissioner to file her Brief in support of the Commissioner's decision, and allowed the Plaintiff sixty days thereafter to file her Brief. Dkt. No. 15. We again warned Plaintiff that "her failure to file a responsive

Brief could result in dismissal of this action based upon apparent abandonment of her claim." *Id*. at p. 2.

In accordance with the Order, Defendant filed her Brief on January 5, 2015. To date, Plaintiff has not filed her responsive Brief. In fact, Plaintiff's last communication with the Court occurred almost one year ago, on August 25, 2014, when she sought an extension of time to file her Brief. It appears as if the Plaintiff is not interested in further prosecuting this matter and has abandoned her claim, thus failing to prosecute this matter. N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *see also* FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 379 U.S. 626, 629-30 (1962) (recognizing the federal court's inherent power to dismiss an action with prejudice because of the plaintiff's failure to prosecute and that Rule 41(b), which authorizes a defendant to move for such relief, does not divest a court of its inherent power to do same upon its own motion). The Court has also reviewed Defendant's Brief, and finding no objections stated thereto, this action should be dismissed and the Commissioner's decision denying disability benefits should be affirmed.

**WHEREFORE**, it is

**RECOMMENDED**, that this matter be **dismissed** due to Plaintiff's failure to prosecute and the Commissioner's decision denying benefits be upheld; and it is

further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).


Date:  August 10, 2015
         Albany, New York


Randolph F. Treece
U.S. Magistrate Judge